IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELE BETZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 06cv1076 |
| ) | |
| WELCH, GOLD & SIEGEL, P.C., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Presently pending before the Court for disposition is the MOTION OF DEFENDANT, WELCH, GOLD & SIEGEL, P.C., TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), with brief in support (*Document Nos. 4 and 5*) and the brief in opposition filed by Plaintiff, Michele Betz (Document No. 7).  After careful consideration of the filings of the parties, the Court will deny the motion.

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff.  *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999).  A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in supports of its allegations which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

In making this determination, the district court must construe the pleading in the light most favorable to the non-moving party.  *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987).  Further, the Federal Rules of Civil Procedure

require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted.  If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules."  *Alson v. Parker,* 363 F.3d 229, 233 n. 6 (3d Cir. 2004) (*quoting Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 512 (2002)).  ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.")

      The allegations of the instant Complaint are certainly adequate for notice pleading and they certainly inform the Defendant of the nature of Plaintiff's claims and provide enough information for it to be able to answer the Complaint intelligently.  Discovery and the other pretrial procedures established by the Rules of Civil Procedure will, no doubt, disclose more precisely the basis of Plaintiff's claims and will narrow the disputed facts and issues.

      Accordingly, viewed in light of the foregoing liberal pleadings standards, the Court simply cannot find, at this early stage of the proceedings, that Plaintiff will able to "prove no set of facts" in support of her claims, and the motion to dismiss must be denied

      An appropriate Order follows.

                                                            McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELE BETZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 06cv1076 |
| | ) | |
| WELCH, GOLD & SIEGEL, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF COURT**

AND NOW, this 16th day of February, 2007, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant is **DENIED.**

Defendant shall file an Answer to the Plaintiff's Complaint on or before **February 28, 2007.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:   Susan E. Mahood, Esquire
      Email: susanemahood@yahoo.com

      Michael E. Fiffik, Esquire
      Welch, Gold and Siegel
      Email: mfiffik@wgspc.com